UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRELL JAMES ROBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00385-TWP-MG |
| | ) | |
| DAVIS, | ) | |
| SWAG, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING DEFICIENT CLAIMS,
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Terrell Robey ("Ms. Robey")[1] is an inmate at New Castle Correctional Facility.
She brings this 42 U.S.C. § 1983 action alleging that a prison official and a former prison official
at Pendleton Correctional Facility deliberately put her in harm's way. The Court screened and
dismissed Ms. Robey's original complaint, and she has since filed an amended complaint. Because
the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the
defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or
malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a
claim, the Court applies the same standard as when addressing a motion to dismiss under Federal
Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim to relief that is

---

[1] In the amended complaint and other filings, Ms. Robey refers to herself using female pronouns.

1

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names two defendants: Ms. Davis and Ms. Swag. For screening purposes, the Court treats all factual allegations in the amended complaint as true. The Court does not consider Ms. Robey's numerous letters to the Court and other filings when assessing the amended complaint. *See* dkt. 27; dkt. 28; dkt. 29; dkt. 30; dkt. 31. Ms. Robey seeks nominal and punitive damages.

Sometime before September 17, 2021, Ms. Swag was fired from her job at Pendleton Correctional Facility for possession of a contraband cell phone. Other inmates blamed Ms. Robey for the firing and began threatening her. Ms. Robey sent messages on her tablet requesting transfer to a different cell house. Instead of helping, Ms. Davis relayed Ms. Robey's messages to other inmates for use against her. For the next few days, inmates threatened Ms. Robey with sexual assault and other harms. On September 24, 2021, Ms. Robey attempted suicide. Ms. Robey has experienced other psychological problems due to Ms. Davis's actions.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Ms. Robey's claim against Ms. Swag is **DISMISSED** for failure to state a claim upon which relief may be granted. The amended complaint alleges that Ms. Swag's firing caused other inmates and Ms. Davis to retaliate against her. But at the time of the firing, Ms. Swag was no longer acting under color of state law and therefore no longer subject to § 1983 liability. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797−98 (7th Cir. 2014) (no § 1983 for private individuals not acting under color of state law).

Ms. Robey's claim that Ms. Davis gave information to other inmates with knowledge that this would lead to Ms. Robey likely being harmed **SHALL PROCEED** under the Eighth Amendment.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been **DISMISSED**. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through September 1, 2022,** to identify those claims.

The **clerk is directed** to terminate Ms. Swag as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Ms. Davis in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [24], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 8/3/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

Ms. Davis, Pendleton Correctional Facility

TERRELL JAMES ROBEY
157360
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362